UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LOTUS WOMEN'S SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CYNOSURE, INC., <br><br> Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cynosure, LLC, f/k/a Cynosure, Inc. ("Cynosure") hereby gives notice of removal of this action, captioned *Lotus Women's Services, LLC v. Cynosure, Inc.*, currently bearing case number CACE18001759, from the Circuit Court of the 17th Judicial District In and For Broward County, Florida, to the United States District Court for the Southern District of Florida. Pursuant to 28 U.S.C. § 1446(a), Cynosure provides the following statement of grounds for removal.

## BACKGROUND

1. This case involves the sale of a MonaLisa Touch CO2 Laser Workstation powered by SmartXide$^2$ system (the "MonaLisa Touch" or "MLT") to Plaintiff Lotus Women's Services, LLC ("Lotus" or "Plaintiff"). The MonaLisa Touch is a medical device sold by Cynosure, which uses laser technology for the incision, excision, ablation, vaporization, and coagulation of body soft tissues in various medical specialties, including gynecology. The MonaLisa Touch received FDA clearance pursuant to Section 510(k) of the Federal Food, Drug, and Cosmetic Act on September 5, 2014.

2.      Plaintiff apparently obtained financing to pay for the MonaLisa Touch system through a separate Equipment Finance Agreement ("EFA") with Ascentium Capital LLC ("Ascentium"). *See* Ex. 2 at 93, Ascentium Complaint, Ex. B, EFA (Jan. 23, 2018). The MonaLisa Touch was priced at $170,395.00[1], the total repayment amount for the MonaLisa Touch system was $207,911.15. Compl. ¶ 17. As a result of Plaintiff's nonpayment on its Finance Agreement, Ascentium filed a Complaint demanding payment of the remaining balance of $152,590.52. Ex. 2 at 84, 86, 88, Ascentium Compl. ¶¶ 24, 31, 49. Ascentium allegedly repossessed the MonaLisa Touch system in June 2018. *See* Ex. 2 at 338, Am. Compl. ¶ 29.

3.      Plaintiff filed its Answer to Ascentium's Complaint and simultaneously filed a Third Party Complaint against third-party defendant Hologic, Inc. ("Hologic") on September 21, 2018. *See* Ex. 2 at 131, Third Party Compl. Hologic received service of the Summons and Complaint on October 2, 2018.

4.      After Hologic filed a motion to dismiss for lack of personal jurisdiction because it is not the manufacturer or distributor of the MonaLisa Touch system, Plaintiff moved for leave to Amend their Third Party Complaint to replace Hologic with Cynosure. *See* Ex. 2 at 313, Mot. for Leave to Amend (Dec. 19, 2018); Ex. 2 at 334, Am. Compl. Plaintiff's claims include fraudulent inducement, negligent misrepresentation, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). *See* Compl. Counts I-III.

5.      On December 21, 2018, Cynosure, through its counsel, received service of the Summons and Complaint.

6.      On January 18, 2019, Cynosure filed a motion to dismiss the third party complaint, which was refiled on January 25, 2019. Ex. 2 at 365.

---

[1] *See* Ex. 2 at 37, Ascentium Complaint, Ex. E.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint that were served on Cynosure, is attached hereto as **Exhibit 1**.

8. A copy of the state court docket and all documents filed in the state court action is attached hereto as **Exhibit 2**.

9. On February 28, 2019, Plaintiff and Cynosure filed a Joint Stipulation and Agreed Order to Sever the claims brought by Lotus as Third Party Plaintiff against Cynosure as Third Party Defendant from the Ascentium Complaint. Ex. 2 at 430, Joint Stipulation (Feb. 28, 2019). That same day, the Court entered the Agreed Order and realigned the parties "such that Lotus is now the Plaintiff and Cynosure is now the Defendant" and all of Lotus's claims against Cynosure in its Amended Third Party Complaint "shall be treated as if it had been brought as an independent matter before [the] Court, separate and apart from the Original Claim [by Ascentium]." Ex. 2 at 436-37, Order ¶¶ 2, 3 (Feb. 28, 2019).

10. The re-alignment of Lotus and Cynosure as Plaintiff and Defendant, as set forth above, now renders this case removable pursuant to 28 U.S.C. § 1446(b)(3).

## VENUE AND JURISDICTION

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(c), 1391, 1441(a), and 1446(a) because the 17th Judicial District In and For Broward County, Florida, where the Amended Complaint was filed, is a court within the Southern District of Florida.

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiffs and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and, (3) all other requirements for removal have been satisfied.

13.     Plaintiff Lotus is a Florida limited liability company that maintains its principal place of business in Broward County, Florida. Am. Compl. ¶ 2. Its sole member is Elizabeth Gonzalez, a resident of Broward County, Florida. *See* Ascentium Compl. ¶¶ 2-3, Ex. 2 at 81; Lotus et al.'s Answer ¶¶ 2-3, Ex. 2 at 131. Based on the allegations in the Complaint, and on information and belief, Plaintiff is a citizen of Florida. *See Dye v. Sexton*, 695 F. App'x 482, 484 (11th Cir. 2017) ("[F]or purposes of diversity jurisdiction 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).).

14.     Cynosure is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Massachusetts.[2] Cynosure's two members—Hologic, Inc. and Hologic Holdings Limited—are citizens, respectively, of Massachusetts and Delaware, and the United Kingdom.[3] Cynosure is therefore a citizen of Massachusetts, Delaware, and the United Kingdom for purposes of removal. *See*

---

[2] On December 28, 2018 Cynosure, Inc. converted to a limited liability company under the laws of the State of Delaware. Prior to that date, Cynosure was a corporation organized and existing under the laws of Delaware with its principle place of business in Massachusetts. Cynosure was therefore previously a citizen of the State of Delaware and the Commonwealth of Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

[3] Hologic, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Massachusetts, and thus is a citizen of Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1). Hologic Holdings Limited is a private limited company registered in England and Wales with its principal place of business in the United Kingdom, and is thus a citizen of the United Kingdom. *See Walker v. Bayer CropScience, LP*, No. CV 18-0656, 2018 WL 3544801, at *3 (W.D. La. June 26, 2018), report and recommendation adopted, No. CV 18-0656, 2018 WL 3546392 (W.D. La. July 23, 2018) (citing *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014)) (treating private limited liability company as a corporation for purposes of § 1332).

*id.*; *see also Crook-Petite-El v. Bumble Bee Seafoods L.L.C.*, 502 F. App'x 886, 887 (11th Cir. 2012) ("[T]o sufficiently allege the citizenships of [a limited liability company], a party must list the citizenships of all the members of the limited liability company.")

### I. THERE IS COMPLETE DIVERSITY OF CITZENSHIP BETWEEN THE PLAINTIFF AND DEFENDANT.

15. Because this complaint was originally styled as a third-party complaint, Cynosure was not able to remove pursuant to 28 U.S.C. § 1441(a); *The Mobile Washington (MOWA) Band of The Choctaw Indian Tribe v. Sunbelt Res., Inc.*, 649 F. Supp. 2d 1325, 1329 (S.D. Ala. 2009) (holding third party defendants "are not defendants entitled to remove under § 1441(a)) (citing *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002). However, upon joint stipulation by the Parties, the Circuit Court severed Plaintiff's claims from the original Collection Action and realigned the parties designating Cynosure as "Defendant." *See* Ex. 2 at 437, Order ¶ 3.

16. Lotus is now the only remaining plaintiff in the case, and Cynosure is the only remaining defendant. Thus, Cynosure is now a "defendant" able to remove the case under 28 U.S.C. § 1441(a). *See Central of Georgia Railway Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970) (holding removal proper where a state court has severed the third party claim from the original demand prior to removal); *Title Pro Closings, L.L.C. v. Tudor Ins. Co.*, 840 F. Supp. 2d 1299, 1304 (M.D. Ala. 2012) (same); *The Summit Contractors, Inc. v. Amerisure Mut. Ins. Co.*, No. 612CV1836ORL22GJK, 2013 WL 12153593, at *2 (M.D. Fla. Jan. 29, 2013) (relying on *Riegel Textile Corp.* as "binding Eleventh Circuit precedent" and holding that third party defendant was a "proper defendant . . . for removal purposes" after the trial court severed the third party claims).

17. Plaintiff is a citizen of Florida and Cynosure is a citizen of Delaware and Massachusetts. Accordingly, complete diversity of citizenship exists between all Plaintiffs and Cynosure. *See* 28 U.S.C. §§ 1332 and 1441.

## II. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

18. A defendant's notice of removal asserting diversity jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014); *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-CV-2343-T-17JSS, 2016 WL 9211676, at *2 (M.D. Fla. Dec. 20, 2016) (same); *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009), aff'd, 613 F.3d 1058 (11th Cir. 2010) (noting that a court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount"). The amount in controversy, exclusive of interest and costs, must exceed $75,000. 28 U.S.C. § 1332(a).

19. Where a plaintiff has not pled a specific amount of damages in the complaint, the amount in controversy requirement may nevertheless be satisfied if it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Furnari v. Nuance Commc'ns, Inc.*, No. 611CV1119ORL35GJK, 2011 WL 13298737, at *2 (M.D. Fla. Sept. 20, 2011) (amount in controversy requirement met where complaint did not claim specific amount of damages but it was "facially apparent" -- "albeit, with minor calculation" -- that the amount in controversy exceeded $75,000). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in

controversy at the time the case was removed." *Williams*, 269 F.3d at 1319; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

20. Damages from separate claims against a defendant may be aggregated to meet the amount in controversy requirement. See *Hardy v. Jim Walter Homes, Inc.*, No. CIV A 06-0687-WS-B, 2007 WL 1889896, at *4 (S.D. Ala. June 28, 2007); *Petroleum Traders Corp. v. Hillsborough Cty.*, No. 8:06-CV-2289-T-TBM, 2008 WL 4570318, at *4 (M.D. Fla. Oct. 14, 2008) ("[A] single plaintiff may aggregate the value of his claims against a defendant to meet the amount-in-controversy amount for diversity jurisdiction, and the claims may be related or unrelated.").

21. Additionally, attorney's fees are also part of the amount in controversy calculation where, as here, attorney's fees are authorized by statute. *See* Fla. Stat. Ann. § 501.2105 (authorizing award of attorney's fees and costs to prevailing party in FDUPTA case); *Ellis v. Warner*, No. 15-10134-CIV, 2017 WL 634287, at *15 (S.D. Fla. Feb. 16, 2017) ("[T]he Court can consider attorneys' fees alleged under FDUTPA when assessing the amount in controversy."); *Branson v. Medtronic, Inc.*, No. 5:06-CV-332-OC-10GRJ, 2007 WL 170094, at *5 (M.D. Fla. Jan. 18, 2007) ("Because a prevailing party is entitled to recover reasonable attorney's fees from the nonprevailing party in a claim under FDUPTA, the Court is required to consider the amount of attorney's fees Plaintiff could recover, if successful, when determining the amount in controversy for jurisdictional purposes.").

22. Here, Plaintiff's Complaint alleges an unspecified amount of damages "that exceed[s] $15,000," the jurisdictional requirement in the state circuit court, "exclusive of attorney's fees, interest, and costs." Am. Compl. ¶ 1. However, Plaintiff alleges that it was fraudulently induced

to purchase and finance the SculpSure device for $207,911.15[4], *id.* ¶ 17, and that as a result of Cynosure's alleged misrepresentations it "los[t] money," *id.* ¶ 24, "suffered damages," *id.* ¶ 39, and "was required to engage undersigned counsel and is obligated to pay its attorneys a reasonable fee," *id.* ¶ 30. Absent Cynosure's alleged fraudulent misrepresentations, Plaintiff claims that it "would have never purchased the Laser." *Id.* ¶ 38. Accordingly, Plaintiff "demands . . . damages, pre-judgment interest, costs," and "attorney's fees." *Id.* ¶¶ 39, 54. Although Cynosure contests that Plaintiff is entitled to any damages, the Complaint puts at issue the value of the SculpSure device, which is more than $75,000. *See Branson*, 2007 WL 170094, at *5 (holding that, "either viewing the claimed damages in this case alone or viewing the demand for statutory attorney's fees alone, there cannot be any good faith dispute that the amount in controversy in this case exceeds $75,000" (emphasis added)); *McCollough Enterprises, LLC v. Marvin Windows, Inc.*, No. CIV.A. 09-0573-WS-B, 2009 WL 3615044, at *3 (S.D. Ala. Oct. 29, 2009) (holding amount in controversy satisfied where plaintiff sought compensatory damages because cost of replacement windows was "a logical component of damages with respect to [plaintiff's] breach of contract, breach of warranty and fraud claims"); *Laux v. BAC Home Loans Servicing, LP for Bank of New York Mellon*, No. 1:11-CV-547-AT, 2011 WL 13220140, at *2 (N.D. Ga. Sept. 27, 2011) (finding amount in controversy was at least $80,000 for quiet title claim when property was worth $80,0000).

23.     On these alleged facts, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.[5]

---

[4] The MonaLisa Touch was invoiced at $170,395.00.
[5] To the extent this Court is not satisfied that the amount in controversy exceeds $75,000, it should permit Cynosure to introduce additional evidence relevant to the amount in controversy. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (explaining that when issues arise as to jurisdiction, "discovery is available to ascertain the facts bearing on such

## III. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED.

24. This Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1446(b)(3) and § 1446(c)(1), which allows removal of a case not originally removable when there is an "order or other paper demonstrating that the case has become removable thereby triggering the 30 day window to effect removal," so long as it occurs less than one year "after commencement of the action." A case involving third-party claims or counterclaims can become removable upon a state court's severance of the claims between diverse parties from the claims between parties of the same citizenship. *See Sharp Gen. Contractors, Inc. v. Mt. Hawley Ins. Co.*, 471 F. Supp. 2d 1304, 1306 (S.D. Fla. 2007) (holding removal timely filed 30 days after state court issued order severing third party claims); *Title Pro Closings*, 840 F. Supp. 2d at 1305 (removal timely where defendant filed removal notice fifteen days after state court issued severance order severing third party claims). And for severed third party claims, the commencement date of the action is "the date the third party complaint was filed in state court." *Summit Contractors*, 2013 WL 12153593, at *3 (removal timely when filed within 30 days after severance of the third party claims and within one year of the filing date of the original third party complaint in state court).

25. Here, the Circuit Court of the 17th Judicial District In and For Broward County, Florida entered the Agreed Order severing Plaintiff's claims from the Collection Action and realigning the Parties on February 28, 2018, fewer than 21 days prior to the filing of this Notice of Removal. *See* Order ¶ 4 (requiring Cynosure either Answer or remove the action to federal

---

issues"); *Williams*, 269 F.3d at 1319 ("If the jurisdictional amount is not facially apparent from the complaint, the court . . . may require evidence relevant to the amount in controversy at the time the case was removed."); *Donovan v. Liberty Mut. Ins. Co.*, No. 616CV157ORL22TBS, 2016 WL 890086, at *2 (M.D. Fla. Mar. 9, 2016) (permitting jurisdictional discovery "limited in scope to the amount-in-controversy"); *Pitts v. Ram Partners, L.L.C.*, No. 3:18-CV-00028-SRW, 2018 WL 5786219, at *8 (M.D. Ala. Nov. 5, 2018) (allowing defendant to "conduct limited discovery to show that jurisdiction exists").

court "within twenty-one (21) days of this Order"). Additionally, Plaintiff's original third party complaint was filed less than a six months ago on September 21, 2018.

26. The Southern District of Florida is the federal judicial district encompassing the Circuit Court of the 17th Judicial District In and For Broward County, Florida, where this suit was originally filed. See 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c).

27. Cynosure is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

28. Pursuant to 28 U.S.C. § 1446(d), Cynosure is contemporaneously filing a copy of this Notice of Removal and a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of the 17th Judicial District In and For Broward County, Florida.

29. Cynosure reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Cynosure hereby removes this action from the Circuit Court of the 17th Judicial District In and For Broward County, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted this 20th day of March 2019,

/s/Manuel Kushner
Manuel Kushner
Florida Bar No. 330957
ARNOLD & PORTER KAYE SCHOLER LLP
Phillips Point, East Tower
777 South Flagler Drive, Suite 1000
West Palm Beach, FL 33401
manuel.kushner@arnoldporter.com
FloridaService@arnoldporter.com
Telephone: (561) 802-3230
Facsimile: (561) 802-3217

and

Daniel S. Pariser (*pro hac vice application to be filed*)

*Daniel.pariser@arnoldporter.com*
Jocelyn A. Wiesner (*pro hac vice application to be filed*)
*Jocelyn.wiesner@arnoldporter.com*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington D.C. 20001
(202) 942-5000
(202) 942-5999 (facsimile)

*Attorneys for Defendant Cynosure, LLC, f/k/a Cynosure, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 20th day of March, I served copies of the foregoing via U.S. mail and e-mail to the following:

Natalie Guerra-Valdes, Esq.
633 SE 3rd Avenue, Suite 301
Ft. Lauderdale, FL 33301
nvaldes@valdeslawfirmpa.com

/s/Manuel Kushner
Manuel Kushner

US 164576445v1